IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------x

KENNETH PETTY,

                Plaintiff,

        -against-                            COMPLAINT FOR A CIVIL CASE

                                          Case No. _____

                                          Jury Trial:    Yes

NEW YORK STATE AND THE NEW YORK STATE

DIVISION OF CRIMINAL JUSTICE SERVICES,

                Defendants,

_____x

I.      Parties to this Complaint

1. The plaintiff herein, Kenneth Petty is a resident of the State of New York, County of Queens residing at 123-40 Inwood Street, Jamaica, New York 11436.

2. The defendant State of New York maintains an office for the service of process at 28 Liberty Street, 16th floor, New York, NY 10051.

3. The defendant New York State Division of Criminal Justice Services maintains an office at 80 South Swan Street, Albany New York OLS 8th floor.

II.      Basis For Federal Court Jurisdiction

4. The basis for Federal Court Jurisdiction is that this case involves a federal question, to wit: "did the defendants violate the plaintiff's due process rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution?"

III.    Statement of Claim

5.  On or about April 4, 1994, the Plaintiff herein was convicted by the Supreme Court of the State of New York, County of Queens by plea of the crime of attempted rape in the first degree.

6.  Thereafter, upon information and belief, on or about August 12, 2004, pursuant to the New York State Sex Offender Registration Act (New York State Correction Law, Section 168 et seq) ("SORA") notice was sent by regular mail from the New York State Office of Court Administration to the plaintiff at 123 40 Inwood Street, Jamaica, New York 11436.

7.  Said notice provided that the plaintiff could challenge his risk level under the Sex Offender Registration Act and that he was entitled to a hearing before a judge to have a new risk level determination.

8.  The notice set a date for an initial appearance on October 26, 2004 at 9:30 a.m. at Supreme Court, Queens County, New York.

9.  The notice further advised plaintiff that he was registered as a level 2 sex offender with the defendant, NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES ("DCJS") and as a level 2 registrant he was required to verify his address with DCJS once a year for a period of 10 years, from his original registration, that he would be subject to community notification.

10. The notice requested the plaintiff to respond to the Queens Supreme Court Correspondence Unit-RM 714, 125-01 Queens Blvd., Kew Gardens, New York 11415. It also asked the plaintiff to respond to three questions: a. Do you want to challenge your risk level; b. Can you afford a lawyer and if you want a lawyer appointed to represent you; and c. If plaintiff was intending to appear on the date scheduled for his initial appearance in the risk level determination proceeding.

11. The request received by the Queens Supreme Court was dated by hand "8-16-04" and allegedly signed by "Kenny Petty". The answer to question a. was yes. The answer to question b. was that Mr. Petty wanted an attorney to be appointed. The answer to question c. was that Mr. Petty was not intending to attend the hearing.

12. Plaintiff was incarcerated from June 2003 until 2013 in the New York State correctional prison system in various facilities and neither received nor replied to the notice or attached request. The plaintiff was never released from his incarceration during the period of 2003 until 2013 and did not reside at 123 40 Inwood Street, Jamaica, New York 11436 during that period of time.

13. Plaintiff alleges that the signature appearing on the bottom of the request is a forgery and doesn't even note his proper name, "Kenneth Petty".

14. Plaintiff alleges that he never had notice of the of the initial appearance or any subsequent hearings in the risk level determination proceeding. The Office of Court Administration should have sent the Notice to correctional facility where plaintiff was incarcerated instead of sending it to the 123 40 Inwood Street, Jamaica, New York address.

15. The Office of Court Administration's failure to properly notify the plaintiff of his right to challenge his risk level under "SORA" and his right to appear at the initial appearance and any appearances thereafter violated plaintiff's right to due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

16. The New York State Office of Court Administration and defendants had access to the proper address of the plaintiff and failed to notify plaintiff of his rights.

17. As a result of the violation of plaintiff's due process rights being violated the plaintiff was denied his right to have a hearing before a judge to have a new risk level determination.

## IV.    Relief

18. The denial of plaintiff's rights by the defendants have caused plaintiff to suffer humiliation, financial loss, arrest in California, legal fees and being prohibited from carrying on a normal lifestyle by illegally being placed on New York State's Sex Offender Registry and this Court should declare plaintiff's placement thereon retroactively null and void from the date that he was placed of the Sex Offender Registry.

Wherefore, it is respectfully requested that this Court nullify plaintiff's placement on the New York Sex Offenders Registry retroactively to the original date that defendant's name was placed thereon together with any other relief this Court deems just and proper.

## V.    Certification

Under Federal Rule of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing

existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: 18 August 2021

**ALAN GERSON, ESQ**

By_____

445 Central Avenue

Suite 208

Cedarhurst, New York 11516

Telephone: (516) 612-3272

Fax: (516) 612-3273