Law Office of Alan Gerson, Esq.
445 Central Avenue, Suite 208
Cedarhurst, NY 11516
Tel: 516-612-3272
Fax: 516-612-3273
E-Mail: Agerson@montaguelaw.com

VIA ECF

Hon Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

November 29, 2021

Re: Petty v. State of New York, et al., 21 CV 04677 (EK-RLM)

Dear Judge Komitee:

Plaintiff's counsel would like to address the claims of Defendants regarding the merits of the action in this court.

### Plaintiff's Claims are not barred by the Eleventh Amendment

As noted in Garcia v. S.U.N.Y Health Sciences Center, 280 F. 3d 98 (2001) "the significance is not what it provides in its text, but the larger "background principle of state sovereign immunity" that it confirms. Seminole Tribe of Fla v. Florida, 517 U.S. 44, 55, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996) "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court" However, " this guarantee is not absolute". Congress may abrogate the "immunity when it both intends to do so and acts pursuant to a valid grant of constitutional authority….quoting Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73, 120 S. Ct. 631, 145 L Ed. 2d 522 (2000). The court should note that this provision is not "all encompassing" "It generally gives a state, and state officials acting in their official capacities, protection against suits by citizens for damages for past wrongs…**but it does not however, confer protection against suits for prospective injunctive relief to remedy continuing wrongs**" US v Yonkers Bd of Educ., 893 F. 2d 498 (1990) emphasis added, citing Milliken v. Bradley, 433US 267, 268-90, 97 S. Ct. 2749, 2761-62, 53 L Ed 2d 745 (1977) Furthermore, "the eleventh amendment does not prohibit the issuance of an order enjoining a state official to henceforth conform his conduct to the requirements of the Constitution" Daisernia v. State of NY, 582 F. Supp. Dist Court, ND (1984) citing Pennhurst State School & Hospital v. Halderman 104 S. Ct. 900, 908, 79 L Ed. 2d 67 (1984). The 11th amendment bars suit in federal court against a state official in his official capacity where the claim is that the official violated state law in carrying out his

duties, and the relief sought would operate against the state, which is not alleged in this case.

In this matter New York State failed to inform the Plaintiff of the initial SORA hearing or the subsequent SORA redetermination hearing scheduled in 2004. The Plaintiff thereby should be permitted to litigate the matter in Federal Court. Indeed, there are also the factual issues as to the actions by the State actors including the initial State court in stating that the Plaintiff was present at the hearing, when in fact he could not have been present as he was incarcerated at the time.

### Plaintiff's claims are not barred by the Doctrine of Collateral Estoppel and the Rooker-Feldman Doctrine

The basic issue of this litigation is that the Plaintiff was unaware of the SORA and subsequent redetermination of his status because he was incarcerated at the time and therefore did not have an opportunity to contest the redetermination. This issue has not been previously litigated and therefore it cannot be reasonably argued that this issue was fully and fairly litigated in a prior proceeding contrary to the Defendants' claims. The Plaintiff only recently learned of this issue upon being arrested in another state for failure to register for actions that took place in 1994 when he was 16 years old. It cannot be argued that somehow he should have been aware of this when he was incarcerated at that time.

The Plaintiff did not lose in a prior state action, he pled guilty and accepted the court's imposition of a penalty when he was physically present in the court at the time of sentencing. It is standard case law that the facts alleged in the initial complaint are deemed to be true at the time of a motion for summary judgment and the Plaintiff has alleged such facts that they establish a cause of action that is actionable in this court. Although the Defendants' have cited Heck v. Humphrey 512 U.S. 477 (1994) it is argued that the facts are that case are very distinguishable from the current matter. There is no allegation of the Respondents acting under the color of state law engaged in an "unlawful, unreasonable and arbitrary investigation" This case deals with a certain set of circumstances in which the Plaintiff has filed allegations against the state in which their actions were taken without his knowledge had resulted in his arrest in another state. That the state had an obligation to ensure the Plaintiff was notified of the hearing and should not have conducted it without his knowledge. That he was deprived of the opportunity to participate in the hearing and thereafter was arrested and confined in another state due to actions that he had no control over.

### Federal Court has proper jurisdiction in this matter whereby the Defendants' violated the Plaintiff's due process rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

That due to the actions by the Defendants in not informing the Plaintiff of the change of the sex offender status of the Plaintiff he was arrested in another state and subjected to a

loss of his Constitutional rights. Under the Fifth Amendment no individual should be deprived of life, liberty, or property, without due process of law. Additionally, under the Fourteenth Amendment no state shall deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

That the Defendants failed to notify the Plaintiff when they had actual knowledge of his actual address at the time of the hearing. Furthermore, there is the issue of false documentation produced at the hearing that the Plaintiff allegedly signed. This document led to the improper classification of him as a sex offender. As a result, he was arrested in another state simply because he was not aware that he was supposed to register as a sex offender due to a change of his classification at a hearing that he did not and could not attend.

## Plaintiff's claims are not barred due to Statute of Limitations

That as per the Defendants because the address at the beginning of Plaintiff's initial arrest was the same as in his current complaint that this would lead one to believe that his address had not changed during the subsequent time period. However it is clear that the Plaintiff was incarcerated from 2003 until 2013. That the Plaintiff chose to use the same address after he was released from incarceration does not nullify his claim that he was not residing at that residence in 2004 when there was the SORA redetermination of his sex offender status. The main point is that he was not informed of the hearing and could not have been informed of the hearing at that time. The Plaintiff was arrested in March, 2020 due to this issue in California and then retained this office to investigate why this incident had taken place. However, of course the Pandemic had spread across the country and it had inhibited this office from conducting a quick investigation as most of the courts were closed and employees were working remotely so it was difficult to obtain the necessary documentation. As such it is submitted to the court that the Plaintiff had undertaken the appropriate actions under said time period to ascertain the circumstances that led to his arrest and then was able to bring a suit against the Defendants when he was able to ascertain that the arrest was due to the improper actions of the State.

Consequently the Plaintiff should be permitted to continue his action in Federal court to require New York State to retroactively remove his placement on the Sex Offender Registry and for such other and further relief as the court deems just and proper.

Respectfully submitted,

Alan Gerson, Esq.
Attorney for Plaintiff