```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
KENNETH PETTY,                            :
                        Plaintiff,        :
                                          :     21-CV-4677 (EK)(RLM)
        - against -                       :
                                          :
                                          :
STATE OF NEW YORK AND THE NEW YORK        :
STATE DIVISION OF CRIMINAL JUSTICE        :
SERVICES                                  :
                        Defendants.       :
---------------------------------------------------------------- X
```

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

LETITIA JAMES
Attorney General
State of New York
<u>Attorney for Defendants</u>

Bahiya Lawrence
Assistant Attorney General
   <u>Of Counsel</u>

**TABLE OF CONTENTS**

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF ALLEGATIONS | 1 |
| STANDARD OF REVIEW | 2 |
| ARGUMENT | 4 |
| POINT I     PLAINTIFF'S CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT | 4 |
| POINT II    PLAINTIFF'S CLAIM THAT HE DID NOT RECEIVE DUE PROCESS BECAUSE HE DID NOT HAVE NOTICE OF HIS 2004 SORA HEARING IS FRIVOLOUS | 4 |
|          A. Plaintiff Appeared And Was Represented By Counsel At His SORA Hearing | 4 |
|          B. Plaintiff's Attempt To Challenge His 2004 SORA Hearing Is Obviously Untimely | 5 |
|          C. Plaintiff's Claims Are Barred By Collateral Estoppel And Rooker-Feldman | 5 |
| CONCLUSION | 6 |

# TABLE OF AUTHORITIES

**Case**                                                                                             **Page(s)**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ...................................................................................................2

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ................................................................................................2-3

Davis v. New York,
    316 F.3d 93 (2d Cir. 2002) ......................................................................................4

Doe v. Pataki,
    3 F. Supp. 2d 456 (1998) ......................................................................................4-5

Exxon Mobile Corp. v. Saudi Basic Indus. Corp.,
    544 U.S. 280 (2005) .................................................................................................6

Filetech S.A. v. France Telecom S.A.,
    157 F.3d 922 (2d Cir. 1998) ...................................................................................3

Hoblock v. Albany County Bd. of Elections,
    422 F.3d 77 (2d Cir. 2005) ...................................................................................5-6

Kassner v. 2nd Ave. Delicatessen Inc.,
    496 F.3d 229 (2d Cir. 2007) ...................................................................................3

Luckett v. Bure,
    290 F.3d 493 (2d Cir. 2002) ...................................................................................3

Makarova v. U.S.,
    201 F.3d 110 (2d Cir. 2000) ...................................................................................3

Malik v. Meissner,
    82 F.3d 560 (2d Cir. 1996) .....................................................................................3

Marvel Characters, Inc. v. Simon,
    310 F.3d 280 (2d Cir. 2002) ...................................................................................5

Milan v. Wertheimer,
    808 F.3d 961 (2d Cir. 2015) ...................................................................................5

Pennhurst v. Interstate Sch. & Hosp. v. Halderman,
    465 U.S. 89 (1984) ..................................................................................................4

People v. Mingo,
    N.Y. 3d 563 (2009) ..................................................................................................2

Santiago v. Department of Corr. Servs.,
    945 F.2d 25 (2d Cir. 1991) ......................................................................................4

**CONSTITUTION**

Eleventh Amendment ......................................................................................................4

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(1) ...................................................................................................3

Fed. R. Civ. P. 12(b)(6) .................................................................................................1-3

**STATUTES**

Federal

42 U.S.C. §1983 ............................................................................................................1,5

State

Correction Law § 168 ...................................................................................................2,4

# PRELIMINARY STATEMENT

Defendants State of New York and the New York State Division of Criminal Justice Services ("Defendants") by their attorney, Letitia James, Attorney General of the State of New York, respectfully submit this Memorandum of Law in Support of Defendants' Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure dismissing all claims against Defendants and for such further relief as this Court deems just and proper.

Plaintiff brings this action pursuant to 42 U.S.C. §1983, alleging that his due process rights under the Fifth and Fourteenth Amendments were violated by the Defendants for failing to provide him with notice of his 2004 Sex Offender Registration Act ("SORA") hearing, in which his risk level assessment would be redetermined. Although the transcript of the 2004 SORA judicial proceeding demonstrates the claim is utterly meritless – contrary to his allegations, Plaintiff was present at the SORA hearing and represented by counsel, who stated that Plaintiff did not object to his designation as a level 2 sex offender – the Court need not even reach this issue. Plaintiff has sued only the State and a state agency, and the Eleventh Amendment obviously bars his claims. The challenge to a 2004 hearing is also facially barred by the statute of limitations, collateral estoppel, and the Rooker-Feldman doctrine.

# STATEMENT OF ALLEGATIONS[1]

Plaintiff states he resides at 123-40 Inwood Street, Jamaica, NY 11436. Plaintiff's Complaint ¶ 1 ("Pl. Compl."). In April 1994, Plaintiff pled guilty to PL § 110/130.35 Attempted Rape in the First Degree in Queens County, New York. (Pl. Compl. ¶ 5). Since Plaintiff plead

---

[1] The plausible and non-conclusory factual allegations of Plaintiff's Complaint are accepted as true only for purposes of this motion. Defendants do not concede the truth of any of Plaintiff's allegations.

guilty to the crime of Attempted Rape in the First Degree, he is presently statutorily classified as a sex offender subject to SORA. See Correction Law § 168-a(1), § 168-a(3). SORA provides details of a sex offenders obligation according to their designated risk levels within a three-tiered classification scheme after a hearing. See Correction Law § § 168-h, 168-i. People v. Mingo, N.Y. 3d 563, 570-571 (2009).

Plaintiff alleges that on or about August 12, 2004, a notice was mailed to 123-40 Inwood Street, Jamaica, NY 11436 stating that he was registered as a level 2 sex offender and entitled to a hearing to have a new risk level determined on October 26, 2004 at the Queens County Supreme Court. (Id.) at ¶¶ 6-9. Additionally, Plaintiff alleges the notice reminded Plaintiff of the obligation to annually verify his address. (Id.).

Plaintiff further alleges being incarcerated only between June 2003 until 2013 in various facilities in New York, and during this time he never received or replied to notice regarding his registration as a sex offender for either the initial or subsequent SORA hearings. (Id.) at ¶¶ 12, 14. Further, Plaintiff alleges that the Office of Court Administration failed to notify him of the initial and subsequent SORA hearings and that this same agency, and the Defendants had access to his proper address. (Id.) at ¶¶ 15-16. Finally, Plaintiff alleges that his due process rights were violated because he was denied a hearing to have a new risk level determined. (Id.) at ¶ 17).

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the Plaintiff pleads

factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556-57). The pleading requirements under Rule 8 of the Federal Rules of Civil Procedure "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Where a Plaintiff has failed to "nudge[] [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Id. at 570. The court should not accept allegations that lack factual foundation or are conclusions of law. See Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007) (complaint inadequate if it "merely offers labels and conclusions or a formulaic recitation of the elements of a cause of action").

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Unlike a Rule 12(b)(6) motion, a plaintiff opposing a Rule 12(b)(1) motion "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." Id. See also Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996). The Court may go outside the pleadings to resolve disputed fact issues on a 12(b)(1) motion. Makarova, 201 F.3d at 113; Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998).

# ARGUMENT

## POINT I

**PLAINTIFF'S CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT**

To subject a state, its agencies, and officers to federal jurisdiction, the state's consent to be sued or congressional abrogation of the state's immunity from suit must be clear and unequivocal. See Santiago v. Department of Corr. Servs., 945 F.2d 25, 32 (2d Cir. 1991). The Eleventh Amendment precludes suits in federal court against a State or its agencies absent the State's unequivocal consent to such suits. Pennhurst v. Interstate Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "This jurisdictional bar applies regardless of the nature of the relief sought." Id.

Here, Plaintiff sues only New York State itself and its Agency, Division of Criminal Justice Services ("DCJS"). (Pl. Compl. ¶¶ 2-3). Since the State of New York has not consented to being sued in this action any claims against the Defendants must be dismissed under the Eleventh Amendment. See Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002).

## POINT II

**PLAINTIFF'S CLAIM THAT HE DID NOT RECEIVE DUE PROCESS BECAUSE HE DID NOT HAVE NOTICE OF HIS 2004 SORA HEARING IS FRIVOLOUS**

**A.  Plaintiff Both Appeared And Was Represented By Counsel At His SORA Hearing**

Plaintiff alleges that he never received notice of his initial SORA hearing after his 1994 conviction. (Pl. Compl. at ¶ 14). SORA was enacted in 1996 under Correction Law § 168 and established a classification of risk levels. See Doe v. Pataki, 3 F. Supp. 2d 456 (1998). The Doe court held that procedures under SORA were inadequate to safeguard due process rights of offenders, and administrative risk level classification of offenders who were on probation or parole at the time SORA became effective did not comport with due process. As a result of Doe,

individuals designated as sex offenders were granted new hearings to redetermine their risk level. Id. at 479. Presumably, as a result of the Doe settlement Plaintiff was also afforded a 2004 hearing to redetermine his risk level.

Plaintiff's claim that he did not receive due process because he purportedly never received notice of the 2004 SORA hearing to redetermine his level 2 risk level is utterly meritless. The transcript of the judicial hearing attached hereto as Exhibit A demonstrates that Plaintiff was both present and represented by counsel at his December 14, 2004, SORA hearing in Queens County Supreme Court. (Exhibit A at 2). Plaintiff acknowledged his identity on the record, and his counsel stated that Plaintiff did not contest his designation as a level 2 sex offender. (Id. at 2-3).

**B.    Plaintiff's Attempt To Challenge His 2004 SORA Hearing Is Obviously Untimely**

Section 1983 actions in New York are subject to a three-year statute of limitations, running from the time a plaintiff knows or has reason to know of the injury giving rise to the claim. Milan v. Wertheimer, 808 F.3d 961, 963 (2d Cir. 2015). Exhibit A shows that Plaintiff actually knew of his designation as a level 2 sex offender in December 2004, (Exhibit A), and the statute of limitations thus ran in December 2007. This lawsuit is thus almost fourteen years too late.

**C.    Plaintiff Claims Are Barred By Collateral Estoppel and Rooker-Feldman**

"Collateral Estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 288 (2d Cir. 2002). To the extent Plaintiff is challenging the SORA level 2 designation itself, rather than simply, and incorrectly, saying he did not have notice of the hearing, his claims were litigated in the SORA hearing, and are barred by collateral estoppel. The Rooker-Feldman doctrine similarly precludes this collateral and grossly untimely federal challenge to the state court's SORA ruling. Hoblock v. Albany

5

County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (Rooker-Feldman applies where "[t]he federal-court Plaintiff (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered."). See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005).

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant their motion to dismiss in its entirety and grant such other relief as the Court deems just and proper.

Dated: New York, New York
      February 3, 2022

LETITA JAMES
Attorney General
State of New York
Attorney for Defendants

By:   /s/ *Bahiya Lawrence*
Bahiya Lawrence
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, New York 10005
(212) 416-8665
Bahiya.Lawrence@ag.ny.gov