UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KENNETH PETTY

    Plaintiff

    -against-

21-CV-4677 (EK)(RLM)

STATE OF NEW YORK AND THE NEW YORK
STATE DIVISION OF CRIMINAL JUSTICE SERVICES

    Defendants

---

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Alan Gerson, Esq.
Attorney for Plaintiff
Bruce Montague & Assoc.
212-45 26th Avenue
Suite #7
Bayside, NY 11360
718 279-7555
E-Mail: agerson@montaguelaw.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES……………………………………………………………ii

PRELIMINARY STATEMENT……………………………………………………...1

THE COMPLAINT …………………………………………………………………..2

STANDARD OF REVIEW…………………………………………………………..3

ARGUMENT…………………………………………………………………………3

POINT I      PLAINTIFF'S CLAIMS ARE NOT BARRED
             BY THE ELEVENTH AMENDMENT………………………....3

POINT II    A    THE STATUE OF LIMITATIONS SHOULD
                    NOT RESULT IN A BAR TO COMMENCING THIS
                    ACTION……………………………………………………..5

            B    PLAINTIFF'S CLAIMS ARE NOT BARRED BY THE
                    DOCTRINE OF COLLATERAL ESTOPPEL AND THE
                    ROOKER-FELDMAN DOCTRINE………………………6

            C    FEDERAL COURT HAS PROPER JURISDICTION
                    IN THIS MATTER WHEREBY DEFENDANT'S
                    VIOLATED PLAINTIFF"S DUE PROCESS RIGHTS
                    AS GUARANTEED BY THE FIFTH AND
                    FOURTEENTH AMENDMENTS OF THE
                    CONSTITUTION……………………………………….…..7

CONCLUSION………………………………………………………………………..8

# TABLE OF AUTHORITIES

**Case** Page(s)

Ashcroft v. Iqbal,
556 U.S. 662, 678 (2009)……………………………………………………….3

Bell Atl.Corp. v. Twombly, 550 U.S. 544, 570 (2007)……………………….3

Collins v. Anthem, Inc.,
Case No. 1:20-cv-001969 (EDNY)(2022)……………………………………3

Daisernia v. State of NY,
582 F. Supp. Dist Court, ND (1984)………………………………………….4

Garcia v. S.U.N.Y Health Sciences Center,
280 F. 3d 98 (2001)……………………………………………………………3

Harrison v. New York,
95 F. Supp. 3rd (EDNY) (2015)……………………………………………..5

Kimel v. Florida Bd. of Regents,
528 U.S. 62, 73, 120 S. Ct. 631, 145 L Ed. 2d 522 (2000)………………….4

Milliken v. Bradley,
433 US 267, 268-90, 97 S. Ct. 2749, 2761-62, 53 L Ed 2d 745 (1977)……….4

Parks School of Business, Inc. v. Symington,
51 F. 3d 1480 (1995)…………………………………………………………..3

Perkins v. City of New York,
No. 21-cv-3887 (BMC) (EDNY) (2022)……………………………………3

Pennhurst State School & Hospital v. Halderman
104 S. Ct. 900, 908, 79 L Ed. 2d 67 (1984)…………………………………..4

Seminole Tribe of Fla v. Florida,
517 U.S. 44, 55, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996)………………….3

US v Yonkers Bd of Educ.,
893 F. 2d 498 (1990)…………………………………………………………..4

# PRELIMINARY STATEMENT

Plaintiff by his attorney Alan Gerson, Esq., respectfully submit this memorandum of law in opposition to Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(2)(6) of the Federal Rules of Civil Procedure requesting dismissal of all claims against Defendants.

This action was brought pursuant to 42 U.S.C. Sec. 1983 alleging his due process rights under the Fifth and Fourteenth Amendments were violated by the Defendants for failure to provide him with notice of his 2004 Sex Offender Registration Act ("SORA") hearing, in which his risk level assessment would be redetermined. The Defendants have claimed that he did attend a hearing, as proof, the Defendants have produced as part of their motion an alleged transcript in which they claim the Plaintiff had attended. There is a factual dispute regarding his attendance which as a matter of law should preclude this motion from being decided at the present time as discovery has not even begun yet in this matter. The Plaintiff's attorney office is in the process of requesting the incarceration records of the Plaintiff from the Bureau of Prisons to physically prove that he could not have attended the SORA hearing as they did not permit him to leave the premises on the date in question.

That as the records are pending there would be no prejudice to allow the Plaintiff to continue the case and receive the records to establish that they did not appear for the hearing, contrary to the claims by the Defendants. That there would be no prejudice if

1

the motion were denied with leave to renew if the Plaintiff cannot establish his claim of non-appearance at the hearing in question. Denial of Plaintiff's claim at the present time would be premature prior to discovery being conducted. The Plaintiff should have an opportunity to collect evidence to establish his cause of action.

## THE COMPLAINT

In April, 1994 at the age of 16 the Plaintiff had pled guilty to PL Sec. 110/130.35, Attempted Rape in the First Degree in Queens County. Based on the conviction, he was classified as a sex offender subject to SORA. The primary issue at the current time was his claim that he was not informed as to the change of his status that required him to register. The Plaintiff has claimed that he was not notified as to the change. Moreover, Defendants had a legal obligation to inform him. Additionally, he could not have been notified by the State as apparently the mailing address that the Defendant's had was his previous address that he was not residing in as he was incarcerated at the time. Defendants have introduced a document that they purport to be a transcript of the Plaintiff actually attending a SORA hearing. Plaintiff has denied that he had attended the hearing in question and is in the process of obtaining records from the Bureau of Prisons to establish his claim.

## STANDARD OF REVIEW

As stated in Parks School of Business, Inc. v. Symington, 51 F. 3d 1480 (1995) "We take all allegations of material fact as true and construe them in the light most favorable to the non moving party. A complaint should not be dismissed unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief" See also Collins v. Anthem, Inc., Case No. 1:20-cv-001969 (EDNY)(2022). To survive a motion to dismiss…"a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See also Bell Atl.Corp. v. Twombly, 550 U.S. 544, 570 (2007) A claim is facially plausible when the plaintiff pleads factual content that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This was recently affirmed in Perkins v. City of New York, No. 21-cv-3887 (BMC) (EDNY) (2022) "the Court must construe the complaint liberally, accept all factual allegations in the complaint" Consequently the court should rule that the Plaintiff has established factual issues that should permit him to continue his action.

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS ARE NOT BARRED BY THE ELEVENTH AMENDMENT

State sovereignty has its limits. The court in Garcia v. S.U.N.Y Health Sciences Center, 280 F. 3d 98 (2001) stated "the significance is not what it provides in its text, but the larger "background principle of state sovereign immunity" that it confirms. Seminole

Tribe of Fla v. Florida, 517 U.S. 44, 55, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996) "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court" However, " this guarantee is not absolute". Congress may abrogate the "immunity when it both intends to do so and acts pursuant to a valid grant of constitutional authority….quoting Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73, 120 S. Ct. 631, 145 L Ed. 2d 522 (2000). The court should note that this provision is not "all encompassing" "It generally gives a state, and state officials acting in their official capacities, protection against suits by citizens for damages for past wrongs…**but it does not however, confer protection against suits for prospective injunctive relief to remedy continuing wrongs**" US v Yonkers Bd of Educ., 893 F. 2d 498 (1990) emphasis added, citing Milliken v. Bradley, 433US 267, 268-90, 97 S. Ct. 2749, 2761-62, 53 L Ed 2d 745 (1977) Furthermore, "the eleventh amendment does not prohibit the issuance of an order enjoining a state official to henceforth conform his conduct to the requirements of the Constitution" Daisernia v. State of NY, 582 F. Supp. Dist Court, ND (1984) citing Pennhurst State School & Hospital v. Halderman 104 S. Ct. 900, 908, 79 L Ed. 2d 67 (1984). The 11th amendment bars suit in federal court against a state official in his official capacity where the claim is that the official violated state law in carrying out his duties, and the relief sought would operate against the state, which is not alleged in this case.

In this matter the claim is that New York State failed to inform the Plaintiff of the initial SORA hearing or the subsequent SORA redetermination hearing scheduled in 2004. The Plaintiff has claimed that he was incarcerated during the time period in question.

4

Consequently, the Plaintiff thereby should be permitted to litigate the matter in Federal Court. Indeed, there are also the factual issues as to the actions by the State actors including the initial State court in stating that the Plaintiff was present at the hearing, when in fact he could not have been present as he was incarcerated at the time. That there would be no prejudice to the Defendants to enable the Plaintiff to obtain documentation to demonstrate that it would not have been possible for him to attend the SORA meeting.

**POINT II**

### A. THE STATUE OF LIMITATIONS SHOULD NOT BE A BAR TO COMMENCING THIS ACTION

As noted in <u>Harrison v. New York</u>, 95 F. Supp. 3rd (EDNY) (2015) "Federal law governs the question of when a Section 1983 claim accrues. Under federal law, the time of accrual is that point in time when the plaintiff knows he has reason to know of the injury which is the basis of his action.

One cannot challenge a finding by the State if one is unaware of it. Additionally, in the interest of justice the Plaintiff should be permitted to challenge the result of the SORA upon notice of the hearing.

Notification to the Plaintiff as to the SORA hearing was improper as the State was aware that he was not residing at residence upon which the notice was served. The State was responsible for his incarceration and clearly when he was released he had few options for residence so he had to return to his prior address.

There is no dispute that the Plaintiff was incarcerated from 2003 until 2013. The use of his same address does not nullify his claim that he was not residing at that residence in 2004 when there was the SORA redetermination of his sex offender status. The main point is that he was not informed of the hearing and could not have been informed of the hearing at that time. It was only when the Plaintiff was arrested in March, 2020 that he became aware of the SORA issue. As such it is submitted to the court that the Plaintiff had undertaken the appropriate actions under said time period to ascertain the circumstances that led to his arrest and then was able to bring a suit against the Defendants when he was able to ascertain that the arrest was due to the improper actions of the State.

### B. PLAINTIFF'S CLAIMS ARE NOT BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL AND THE ROOKER-FELDMAN DOCTRINE

The basic issue of this litigation is that the Plaintiff was unaware of the SORA and subsequent redetermination of his status because he was incarcerated at the time and therefore did not have an opportunity to contest the redetermination. Indeed, how could one have had this issue litigated when it only happened recently and has no relevance to prior litigation. This issue has not been previously litigated and therefore it cannot be reasonably argued that this issue was fully and fairly litigated in a prior proceeding contrary to the Defendants' claims. The Plaintiff only recently learned of this issue upon being arrested in another state for failure to register for actions that took place in 1994

when he was 16 years old. It cannot be argued that somehow he should have been aware of this when he was incarcerated at that time.

The Plaintiff did not lose in a prior state action, he pled guilty and accepted the court's imposition of a penalty when he was physically present in the court at the time of sentencing. There is no allegation of the Respondents acting under the color of state law engaged in an "unlawful, unreasonable and arbitrary investigation" This case deals with a certain set of circumstances in which the Plaintiff has filed allegations against the state in which their actions were taken without his knowledge had resulted in his arrest in another state. That the state had an obligation to ensure the Plaintiff was notified of the hearing and should not have conducted it without his knowledge. That he was deprived of the opportunity to participate in the hearing and thereafter was arrested and confined in another state due to actions that he had no control over.

### C. FEDERAL COURT HAS PROPER JURISDICTION IN THIS MATTER WHEREBY DEFENDANT'S VIOLATED PLAINTIFF"S DUE PROCESS RIGHTS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION

That due to the actions by the Defendants in not informing the Plaintiff of the change of his sex offender status of the Plaintiff he was arrested in another state and subjected to a loss of his Constitutional rights. Under the Fifth Amendment no individual should be deprived of life, liberty, or property, without due process of law. Additionally, under the Fourteenth Amendment no state shall deprive any person of life, liberty, or property,

without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The Defendants failed to notify the Plaintiff when they had actual knowledge of his actual address at the time of the hearing. Furthermore, there is the issue of false documentation produced at the hearing that the Plaintiff allegedly signed. This document led to the improper classification of him as a sex offender. As a result, he was arrested in another state simply because he was not aware that he was supposed to register as a sex offender due to a change of his classification at a hearing that he did not and could not attend.

## CONCLUSION

Consequently the Plaintiff should be permitted to continue his action in Federal court to require New York State to retroactively remove his placement on the Sex Offender Registry and for such other and further relief as the court deems just and proper.

Dated: New York, New York
      April 14, 2022

                                  Respectfully submitted,

                                  Alan Gerson, Esq.
                                  Attorney for Plaintiff
                                  Bruce Montague & Assoc.
                                  212-45 26th Avenue
                                  Suite #7
                                  Bayside, NY 11360
                                  718 279-7555
                                  E-Mail: agerson@montaguelaw.com