```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
KENNETH PETTY,                                                 :
                                Plaintiff,                     :
                                                               :    21-CV-4677 (EK)(RLM)
                - against -                                    :
                                                               :
STATE OF NEW YORK AND THE NEW YORK                             :
STATE DIVISION OF CRIMINAL JUSTICE                             :
SERVICES,                                                      :
                                Defendants.                    :
-------------------------------------------------------------- X
```

# REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

LETITIA JAMES
Attorney General
State of New York
<u>Attorney for Defendants</u>
28 Liberty Street
18th Floor
New York, NY 10005
(212) 416-8665

Bahiya Lawrence
Assistant Attorney General
   <u>Of Counsel</u>

**TABLE OF CONTENTS**

                                                                **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

ARGUMENT .......................................................................................................................1

POINT I      PLAINTIFF'S CLAIMS ARE BARRED BY THE ELEVENTH
                AMENDMENT ...................................................................................................1

POINT II     PLAINTIFF'S CLAIM THAT HE DID NOT RECEIVE DUE PROCESS
                BECAUSE HE DID NOT HAVE NOTICE OF HIS 2004 SORA HEARING IS
                FRIVOLOUS ........................................................................................................2

                A. Plaintiff Appeared And Was Represented By Counsel At His SORA Hearing.............2

                B. Plaintiff's Attempt To Challenge His 2004 SORA Hearing Is Obviously
                Untimely ........................................................................................................................3

                C. Plaintiff's Claims Are Barred By Collateral Estoppel And Rooker-Feldman ...3

CONCLUSION .....................................................................................................................4

# TABLE OF AUTHORITIES

**Case**                                                   **Page(s)**

Doe v. NYS Off. of Child. & Fam. Servs.,
 No. 20 Civ. 01195, 2021 WL 2826457 (N.D.N.Y. Jul. 7, 2021) ......................3

Hoblock v. Albany County Bd. of Elections,
 422 F.3d 77 (2d Cir. 2005) ...............................................................................4

Pennhurst v. Interstate Sch. & Hosp. v. Halderman,
 465 U.S. 89 (1984) ...........................................................................................2

Will v. Michigan Dept. of State Police,
 491 U.S. 58 (1989) ........................................................................................1-2

**CONSTITUTION**

Eleventh Amendment ..............................................................................................1

**STATUTES**

State

Correction Law §168 ..............................................................................................3

Criminal Procedure Law Article 560 ......................................................................2

**PRELIMINARY STATEMENT**

Defendants State of New York and New York State Division of Criminal Justice Services ("DCJS") (collectively "Defendants"), by their attorney, Letitia James, Attorney General of the State of New York, respectfully submit this Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss.

Plaintiff's claims are facially barred by the Eleventh Amendment. And in any event, his fantastical contention that he should be given an opportunity to prove that he was not present at his 2004 Sex Offender Registration Act ("SORA") hearing, and the court-certified transcript unambiguously establishing otherwise is a forgery and should not be considered, is no defense to this motion.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT**

Plaintiff's claims against the Defendants are obviously barred by the Eleventh Amendment. The cases cited by Plaintiff stand for only the proposition that the Eleventh Amendment does not always bar a suit against a state official seeking prospective injunctive relief. (Plaintiff's Opposition ("Pl. Opp.") at 3-5). This is because "official-capacity actions for prospective relief are not treated as actions against the State." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 n.10 (1989).

But this action is neither against a State official nor does it seek prospective relief - Plaintiff seeks not prospective but "retroactive" removal of his placement on the sex offenders registry. (Complaint, "Relief" clause). More basically, it names the State and a State Agency as the Defendants, and the relief sought is irrelevant in this context: "It is clear, of course, that in the

absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst v. Interstate Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). And, in event, neither the State nor DCJS are "persons" subject to suit under 42 U.S.C. § 1983. Will, 491 U.S. at 64-71.

## POINT II

**PLAINTIFF'S CLAIM THAT HE DID NOT RECEIVE DUE PROCESS BECAUSE HE DID NOT HAVE NOTICE OF HIS 2004 SORA HEARING IS FRIVOLOUS**

**A.     Plaintiff Appeared And Was Represented By Counsel At His SORA Hearing**

Contrary to Plaintiff's allegations, he received notice and was afforded all the process due to him after participating in his 2004 SORA hearing with his counsel. The court-certified transcript of this hearing attached as Exhibit A to Defendant's Memorandum of Law in Support of Defendants' Motion to Dismiss ("Def. Mot.") is both an official judicial record and integral to Plaintiff's complaint, and thus can be considered on this motion, and it ends the case. Plaintiff acknowledged his identity on the record, and his counsel stated that Plaintiff did not contest his designation as a level 2 sex offender. (Def. Mot., Exh. A at 2-3).

Plaintiff's counsel's implication that this official judicial transcript is a forgery because Plaintiff's incarceration records may show that Plaintiff was incarcerated at the time in various New York state correctional facilities and purportedly thus could not have attended the SORA hearing, (Complaint ¶ 12; Pl. Opp. at 1), is nothing short of absurd. As the Court is well aware, incarcerated individuals are constantly being brought to court from prison for appearances in their cases. The state courts similarly routinely require the production of incarcerated individuals for court appearances, such as the SORA hearing at issue. See N.Y. Crim Pro. L. § 560.10.

**B.    Plaintiff's Attempt To Challenge His 2004 SORA Hearing Is Obviously Untimely**

Although Plaintiff admits to his felony conviction for Attempted Rape in the First Degree in State Court he still alleges that he was unaware of his sex offender status and his risk level redetermination until he was arrested in March 2020 out-of-state for failure to register [as a sex offender]. (Pl. Opp. at 2,6). Correction Law §168-d(1)(a). (Upon conviction, "the court shall certify that the person is a sex offender and shall include the certification in the order of commitment, if any, and judgment of conviction."). From 2013 through March 2020, Plaintiff essentially alleges he was unaware of the collateral consequences of his felony sex crime conviction. Correction Law §168-l(8) (Even if the State or the Courts failed to "render a determination" as to a sex offenders risk level it "shall not affect the obligation of the sex offender to register or verify."). Plaintiff's claims are meritless and the SORA hearing transcript demonstrates that Plaintiff is fourteen years late in pursuing this lawsuit. Doe v. NYS Off. of Child. & Fam. Servs., No. 20 Civ. 01195, 2021 WL 2826457, at *7 (N.D.N.Y. Jul. 7, 2021) ("[i]n New York, the applicable general or residual statute of limitations applicable to plaintiff's Section 1983 claim is three years."). The statute of limitations has run and Plaintiff's claims should be dismissed.

**C.    Plaintiff Claims Are Barred By Collateral Estoppel and Rooker-Feldman**

Plaintiff's claims remain barred by the doctrines of collateral estoppel and Rooker-Feldman and Plaintiff's opposition fails to establish otherwise. Plaintiff's allegations that he was unaware of the collateral consequences of his sex crime because of his age and incarceration in 2004 are not sufficient to support his claims. Plaintiff's claims regarding his sex offender status and risk level redetermination were previously litigated, with assistance from counsel, in 2004 at his SORA hearing. Similarly, Plaintiff's claims are still barred by Rooker-Feldman. Plaintiff's chief complaint is that he was unaware of his designation as a level 2 sex offender, this is an injury

caused by a state court judgment. The Second Circuit in Hoblock v. Albany County Bd. of Elections held that Rooker-Feldman "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." 422 F.3d 77, 85 (2d Cir. 2005). Thus, Plaintiff's claims should be dismissed because they are barred by both doctrines.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court grant their motion to dismiss in its entirety and grant such other relief as the Court deems just and proper.

Dated: New York, New York
      April 29, 2022

LETITA JAMES
Attorney General
State of New York
Attorney for Defendants

By: /s/ *Bahiya Lawrence*
Bahiya Lawrence
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, New York 10005
(212) 416-8665
Bahiya.Lawrence@ag.ny.gov